```
                                              FILED
                                     CLEHK U.S DISTRICT COURT

                                         AUG 3 1 2012

                                     CENTRAL DISTRICT OF CALIFORNIA
                                     BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPSSM INVESTMENTS VII, LP, )<br><br>Plaintiff, )<br><br>v. )<br><br>ROMELLA GUTIERREZ, et al., )<br><br>Defendants. ) | NO. CV 12-7187 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because defendant Romella Gutierrez ("defendant") removed it improperly.

On August 21, 2012, defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. See 28 U.S.C. § 1441(a);[1] Exxon Mobil Corp v.

_____

[1] 28 USC § 1441(a) provides that:

Except as otherwise expressly provided by Act of Congress, any civil action

1  Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).  As an initial matter, the

2  state court complaint attached to the Notice of Removal asserts only a single cause of action for

3  unlawful detainer pursuant to California Code of Civil Procedure § 1166a.  (See Notice of

4  Removal at Exh. A).  Accordingly, the state court complaint discloses no federal statutory or

5  constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal.

6  2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank,

7  F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the

8  Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

9      Moreover, the Court finds unpersuasive defendant's contention that federal question

10  jurisdiction exists because defendant filed a demurrer in state court based on plaintiff's alleged

11  noncompliance with the notice requirements of the Protecting Tenants at Foreclosure Act, 12

12  U.S.C. § 5220 ("PTFA"), and therefore resolution of the case "depend[s] on the determination of

13  Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal at 2-3; see id. at

14  Exh. B).  It is well-settled that "a case may *not* be removed to federal court on the basis of a

15  federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both

16  parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v.

17  Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (italics in original).  Nor can a

18  counterclaim "serve as the basis for [§ 1331[2]] 'arising under' jurisdiction." Holmes Grp., Inc. v.

19  Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus,

20  to the extent defendant's defenses or counterclaims to the unlawful detainer action are based on

21  alleged violations of federal law, those allegations do not provide a basis for federal-question

22

23

24   

25  brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

26

27  [2] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil

28  actions arising under the Constitution, laws, or treaties of the United States."

1 | jurisdiction.[3]  See Williams v. Singh, 2012 WL 1414333, at *1 (E.D. Cal. 2012) ("there is no

2 | subject matter jurisdiction" where defendant's removal petition states that defendant filed a

3 | demurrer in state court under the PTFA, because "such a defense cannot provide a sufficient

4 | basis to remove the action to federal court[]"); Bank of New York Mellon v. Germanelo, 2012 WL

5 | 1536543, at *2 (N.D. Cal. 2012) (no federal question jurisdiction where defendant filed a demurrer

6 | in state court based on plaintiff's alleged noncompliance with the PTFA because "Defendant's

7 | defenses or counterclaims to the unlawful detainer action . . . do not provide a basis for federal

8 | jurisdiction").

9 |      Finally, even if complete diversity of citizenship exists, the amount in controversy does not

10 | exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[4] 1441(b).[5] On the

11 | contrary, the state court complaint recites that the amount in controversy does not exceed

12 | $10,000. (See Notice of Removal at Exh. A).  Thus, because the amount in controversy is less

13 | than $75,000, diversity jurisdiction is also lacking.  See 28 U.S.C. § 1332(a); St. Paul Mercury

14 | Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case

15 | as disclosed by the plaintiff's complaint is controlling for purposes of removal).

16 |

---

17 |     [3] Even if a defense or counterclaim could give rise to federal question, the PTFA does not

18 | create a private right of action or an independent basis for federal subject matter jurisdiction. See, e.g., BDA Investment Properties LLC v. Sosa, 2011 WL 1810634, at *3 (C.D. Cal. 2011); Aurora

19 | Loan Servs. LLC v. Torres, 2011 WL 4551458, at *1 (N.D. Cal. 2011); Nativi v. Deutsch Bank Nat'l Trust Co., 2010 WL 2179885, at *2-4 (N.D. Cal. 2010).

20 |

21 |     [4] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000,

22 | exclusive of interest and costs."

23 |     [5] 28 U.S.C. § 1441(b) provides that:

24 |         (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants

25 |         sued under fictitious names shall be disregarded.

26 |         (2) A civil action otherwise removable solely on the basis of the jurisdiction

27 |         under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State

28 |         in which such action is brought.

Accordingly, IT IS ORDERED that:

    1.   This matter shall be REMANDED to the Superior Court of California, Los Angeles County, North District, Michael D. Antonovich Antelope Valley Courthouse, 42011 4th Street West, Lancaster, CA 93534, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.   The Clerk shall send a certified copy of this Order to the state court.

    3.   The Clerk shall serve copies of this Order on the parties.

DATED: _____8/30_____, 2012.

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE